# SUPERIOR COURT OF BALTIMORE CITY.

Filed December 30, 1903.

See also opinion of Phelps, J., in same case, filed July 15, 1903.

MERCHANTS NATIONAL BANK

VS.

CHESAPEAKE STEAMSHIP COMPANY.

SAME

VS.

BALTIMORE, CHESAPEAKE AND RICHMOND STEAMBOAT COMPANY.

SAME

VS.

CHESAPEAKE STEAMSHIP COMPANY.

*Arthur George Brown, Lemmon & Clotworthy, John K. Cowen, Daniel H. Hayne* and *Edward Duffy* for the plaintiff.

*Bernard Carter, John P. Poe* and *Foster & Foster* for defendants.

PHELPS, J.—

After the rulings heretofore made in these cases, amended declarations were

filed, new pleas and replications were put in, and new demurrers interposed. The several questions of law thus presented have been most amply and ably argued, both orally and in writing, and are now to be passed upon, so far as may be necessary.

Adhering to the rulings already made, I agree with the learned counsel for plaintiff, that by virtue of the special provisions of these bills of lading, and particularly the "assignee" clause, and the "holder" clause, in connection with the "order notify" clause and the "surrender" clause, these actions of tort are *prima facie* maintainable by the plaintiff in its own name.

I am constrained, however, to differ with them in the position they have been compelled to assume as to the effect of the alleged fraudulent and material alterations in the dates of the thirty-four bills of lading.

No reliance is to be placed upon the broad language at the beginning of the "alteration" clause.

For the words "any alteration," etc. must be construed in connection with the immediate context. So interpreted, the generality of the expression is found to be materially qualified and limited. The alterations referred to thus appear to be such alterations only as may be properly susceptible of "special notation" by the carrier's agent. If made without such notation, the alteration shall be void. The converse of the proposition is not expressed in so many words, but is so clearly implied as to be equivalent to the expression that if made with such notation the alteration shall take effect.

This is made plainly visible to the eye by simply reproducing the text of the "alteration" clause, adding thereto (in brackets) the equivalent expression referred to as the clearly implied converse of the proposition expressed. We will then have the following:

"Any alteration, addition or erasure in this bill of lading which shall be made without the special notation hereon of the agent of the carrier issuing this bill of lading shall be void," (but if made with such special notation shall be valid).

While these added words do not change in the slightest degree the meaning of the text, and scarcely serve to make its meaning plainer, they pointedly illustrate the impossibility of bringing a fraudulent alteration within its purview.

That such a fraudulent alteration should stand and take effect with the "special notation" mentioned which could only be in case an agent of the company had been induced to become *particeps criminis*, or had been overcome by some fraudulent practice, is a construction obviously inadmissable. No court of justice could uphold the fraudulent consummation of a fraudulent act, whatever might be the terms of the contract; and the contract will not be so construed as to involve that result.

The logic of the situation may be summed up as follows:

1. Only such alterations are within the terms of the contract as are the proper subjects of special notation.

2. Fraudulent alterations are not the proper subjects of special notation.

3. Fraudulent alterations are not within the terms of the contract.

I therefore find myself obliged to accept the view of the learned counsel for the defendants, that the "alteration" clause was not in terms intended to meet a case of forgery, but that its object was to preclude all occasion for misunderstanding, difference of recollection and dispute as to alterations claimed to be made by authority.

To alterations of that character the special notation of the agent would be appropriate, and the terms of the alteration clause would apply.

To a case of forgery the ordinary legal rule applies. The alterations being material the instruments are void, and the defendants are not estopped from pleading the avoidance. Burrows vs. Klunk, 70 Md., 451, 464, and cases cited, p. 460, and Tome vs. Parkersburg Branch R. R. Co., 39 Md., 36, as distinguished, 70 Md., 460, 461.

Accordingly, in the first case (of four bills of lading) the demurrers to the third plea to the amended third count and to the third plea to the fourth count are overruled, and the demurrers to the fourth plea to the amended third count and to the fourth count are sustained.

In the second and third cases (of the thirty-four bills of lading) all the demurrers are overruled.